**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | June 12, 2014 | Probation: | Katrina Devine |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Terri Lindblom | | |

Criminal Case No: **11-cr-00362-WYD**          Counsel:

UNITED STATES OF AMERICA,          Tim R. Neff

      Plaintiff,

v.

**2. DONALD BEVERLY**,          Scott Jurdem

      Defendant.

**SENTENCING**

**10:07 a.m.**     Court in Session - Defendant present (on-bond)

> **Change of Plea Hearing - Monday, July 30, 2012, at 4:00 p.m.
> Plea of Guilty - count 1 of Indictment**

      APPEARANCES OF COUNSEL.

      Court's opening remarks.

10:11 a.m.     Statement and argument on behalf of Government (Mr. Neff).

10:17 a.m.     Statement and argument on behalf of Defendant (Mr. Jurdem).

10:30 a.m.     Statement and argument on behalf of Government (Mr. Neff).

10:30 a.m.     Statement and argument on behalf of Defendant (Mr. Jurdem).

| | |
|---|---|
| 10:53 a.m. | Statement and argument on behalf of Government (Mr. Neff). |
| 10:58 a.m. | Statement by Defendant on his own behalf (Mr. Beverly). |
| | Court makes findings. |
| **ORDERED:** | Government's Motion for Downward Departure Pursuant to 5K1.1 [ECF Doc. No. 369], filed May 27, 2014, is **GRANTED.** |
| **ORDERED:** | Defendant's motion for variant sentence as contained in restricted document [ECF Doc. No. 371], filed May 29, 2014, is **DENIED.** |
| **ORDERED:** | Defendant be **imprisoned** for **14** months. |
| **ORDERED:** | Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years. |
| **ORDERED:** | **Conditions** of **Supervised Release** are: |

- (X) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

- (X) Defendant shall not commit another federal, state or local crime.

- (X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

- (X) Defendant shall comply with standard conditions adopted by the Court.

- (X) If this sentence imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet set forth in the judgment.

- (X) The Court waives the mandatory drug testing provisions of 18 U.S.C. § 3583(d), because the presentence report indicates a low risk of future substance abuse by the defendant.

- (X) The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.

**ORDERED:** **Special Condition(s)** of **Supervised Release** are:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3. All employment must be approved in advance by the probation officer and the defendant shall not engage in any business activity unless approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on his behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the probation officer. The defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit. The defendant shall not hold employment where he would solicit funds for investment or employment which would permit him to have custody and/or control over investor funds, and he may not be the signatory on any accounts possessing investor funds. The defendant shall not be employed by any family member or known associate without permission of the probation officer.

4. The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.

5. The defendant shall document all income, compensation and financial support generated or received from any source and provide such information to the probation officer as requested.

6. The defendant shall comply with all legal obligations associated with the Internal Revenue Service and any applicable state agency regarding federal and state income taxes. This includes resolution of any tax arrearage as well as continued compliance with federal and state laws regarding the filing of taxes.

| | |
|---|---|
| **ORDERED:** | The defendant shall make restitution in the amount of **$1,186,055** to the victims and in the amounts indicated in the presentence report. |

Each victim shall receive an approximately proportional payment based on the victim's share of the total loss.

Restitution is ordered jointly and severally with the following defendant:

| Name | Case Number | Amount |
|---|---|---|
| Scott Goldberg | 11-cr-00362-WYD-07 | $198,970.00 |

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

***The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the restitution.***

**ORDERED:** Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant, Donald Beverly, surrender at the institution designated by the Bureau of Prisons before **noon 15 days after designation.**

**ORDERED:** Defendant advised of right to appeal the sentence imposed by the Court. Any notice of appeal must be filed within fourteen (14) days. Defendant advised of right to appeal in forma pauperis.

**ORDERED:** Government's Motion to Dismiss Remaining Counts of the Indictment as to Defendant Donald Beverly [ECF Doc. No. 367], filed May 27, 2014, is **GRANTED.**

Order is **APPROVED BY THE COURT.**

**Court RECOMMENDS that the Bureau of Prisons place the defendant at the least restrictive facility in close proximity to Southern California.**

The court finds that defendant **is not** likely to flee or be a danger to self or others and it is **ORDERED**: **BOND CONTINUED.**

**11:29 a.m.**     Court in Recess - HEARING CONCLUDED.

**TOTAL TIME:  1:22**