# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 11-cr-362-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD BEVERLY,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter is before the Court on Defendant Donald Beverly's Motion to Transfer Venue ("Motion"). (ECF No. 526.) For the following reasons, the Motion is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

In June 2014, Beverly pleaded guilty to one count of Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1342 and 2. (ECF No. 388.) The Court sentenced Beverly to 14 months' imprisonment, followed by a three-year term of supervised release. (*Id.*) In addition, the Court required Beverly to pay $1,186,055 in restitution, which he owed jointly and severally with his three co-defendants. (*Id.* at 2–3, 5.)

On September 7, 2016, Beverly field a motion for early termination of his supervised release. (ECF No. 475.) The Court granted the motion on October 25, 2016, based in part on Beverly's promise to faithfully continue his restitution payments. (ECF No. 479 at 3.) The Government asserts—and Beverly does not dispute—that Beverly has voluntarily paid only $25 toward his restitution obligation on December 31,

2020, but has not made any other payments since the termination of his supervised release. (ECF No. 534 at 2.)

On November 17, 2020, the Government obtained a writ of garnishment on Beverly's wages from his employer, Hubcity Trucking, LLC ("Hubcity"), providing that Hubcity would withhold 25% of Beverly's wages ("Hubcity Writ"). (ECF No. 505.) Beverly was one of four members of Hubcity. (ECF No. 509-2 at 2.)

On March 15, 2021, Beverly withdrew $16,441.20 from one of Hubcity's bank accounts. (ECF No. 540 ¶ 11.) This sum represented Beverly's portion of the distribution owed to him upon Hubcity's dissolution. (*Id.*) On March 24, 2021, Beverly filed for Chapter 7 Bankruptcy protection. *See In re Donald Wayne Beverly*, 2:21-12369 (Bankr. C.D. Cal. Mar. 24, 2021).

On March 30, 2021, counsel for the Government contacted Beverly, stating that Beverly had violated the Hubcity Writ by withdrawing the $16,441.20 and requesting that he return the funds to Hubcity's account by March 31, 2021. (ECF No. 517 at 5.)

On April 1, 2021, after Beverly failed to return the money, the Government sought writs of garnishment on three of Beverly's bank accounts. (ECF Nos. 514, 515 & 516.) Beverly filed requests for hearings on the validity of each of these writs and claimed exemptions. (ECF Nos. 514, 515 & 516.)

On April 2, 2021, the Government sought an order to show cause why Beverly withdrew the $16,441.20 in contravention of the Hubcity Writ, and the Court issued the order to show cause on April 5, 2021. (ECF Nos. 517 & 518.) Beverly responded on May 19, 2021, and the Government replied on May 24, 2021. (ECF Nos. 540 & 542.)

On April 23, 2021, the Government filed a Motion for Finding of Default, as Beverly had not paid any money toward his restitution obligation in over nine months. (ECF No. 523.) On the same day, Beverly filed a Motion to Transfer Venue to the Central District of California, where he currently resides. (ECF No. 526.) The Government responded on April 29, 2021. (ECF No. 534.)

## II. LEGAL STANDARD

The government "may enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law." 18 U.S.C. § 3613(a). The Federal Debt Collection Procedures Act ("FDCPA") provides that, upon a debtor's request, "the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). The debtor must make such request within 20 days of receiving notice of the enforcement proceedings. *Id.*

The FDCPA also provides that a court has plenary authority to issue an order "denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure" under the statute. *Id.* § 3013. Some courts have interpreted this provision to allow a district court to deny a motion to transfer venue upon the creditor's showing of good cause. *See, e.g.*, *United States v. Mathews*, 793 F. Supp. 2d 72 (D.D.C. 2011); *United States v. Sethi*, 2014 WL 4651649 (D. Colo. Sept. 18, 2014).

## III. ANALYSIS

Beverly requests a transfer of venue to the Central District of California, where he resides. (ECF No. 526.) He states that he has never resided in Colorado and lacks the financial means to regularly travel between California and Colorado to participate in the

3

proceedings. (*Id.* at 1.) The Court assumes, as the Government does, that Beverly intends for the transfer to apply to all pending motions before the Court relating to his garnishment proceedings.

Courts are divided as to whether transfer of venue is mandatory when a debtor timely requests the transfer. *Compare United States v. Furkin*, 165 F.3d 33, 33 (7th Cir. 1998) (unpublished table decision) (upholding denial of transfer based on deference to district court which retained jurisdiction over underlying criminal proceedings) *with United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) (stating that "the plain language of [Section 3004(b)(2)] is mandatory" and therefore "the district court must grant such a transfer" if timely requested"). The Tenth Circuit has not spoken to this issue.

The Government opposes the Motion, arguing that it would be most convenient for the proceedings to remain in the District of Colorado, where Beverly was sentenced.[1] (ECF No. 534 at 6.) It contends that good cause exists to deny transfer because transfer is requested merely to delay or frustrate its collection efforts. (*Id.* at 7.) The Government primarily relies on *United States v. Sethi*, 2014 WL 4651649 (D. Colo. Sept. 18, 2014). (*Id.* at 7–11.)

In *Sethi*, a District of Colorado magistrate judge denied a defendant's request to transfer garnishment proceedings to the District of New Jersey. *Sethi*, 2014 WL 4651649, at *3. The *Sethi* court reasoned that the Government had shown good cause why the transfer should be denied because the defendant had failed to make any

---

[1] The Government does not contest the timeliness of the Motion to Transfer; given that the notices of garnishment proceedings are dated April 1, 2021 and Beverly's Motion to Transfer is dated April 19, 2020, the Court is satisfied that the request was timely made (ECF Nos. 526, 529, 530 & 531).

4

voluntary payments on the judgment against him, and owed the debt jointly and severally with two other defendants residing in the District of Colorado, which weighed against splitting collection proceedings between jurisdictions. *Id.* The *Sethi* court also noted that the defendant had not disputed that he owed the debt, nor that any part of the funds sought to be garnished were exempt, further suggesting that the defendant merely sought to delay collection. *Id.*

The plain language of § 3004(b)(2) states that an action "*shall* be transferred" upon the debtor's request to the district in which he resides. 28 U.S.C. § 3004(b)(2) (emphasis added). Moreover, given the Tenth Circuit's silence on the issue and the circuit split as to whether transfer is mandatory, the Court is not convinced that it may retain this action.

Even in light of *Sethi*, the instant case is factually distinct in that Beverly opposes the validity of the writs of garnishment sought on his bank accounts and claims that certain funds are exempt.[2] (*See* ECF Nos. 529, 530 & 531.) This case also contains the additional layer of Beverly's bankruptcy proceedings, currently pending in the Central District of California. *See In re Donald Wayne Beverly*, 2:21-12369 (Bankr. C.D. Cal. Mar. 24, 2021). Taking all of this together, even assuming that the Government may overcome the presumption that transfer is mandatory, the Government has not shown good cause why the Court should deny the Motion to Transfer.

Finally, the Government concedes that even upon a showing of good cause, the court "*may* deny the transfer request." (ECF No. 534 at 7 (emphasis added).) Finding no convincing reason to exercise its discretion to deny the transfer request, the Motion

---

[2] The Court expresses no opinion as to the merit of Beverly's challenges to the writs.

is granted and the post-judgment garnishment proceedings filed in this case—including all related motions currently pending before the Court (ECF Nos. 523, 529, 530 & 531)—shall be transferred to the U.S. District Court for the Central District of California.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Beverly's Motion to Transfer Venue (ECF No. 526) is GRANTED;

2. The post-judgment garnishment proceedings filed in this case is TRANSFERRED to the United States District Court for the Central District of California, and the Clerk shall transmit the file to the Clerk of that court; and

3. Unless and until ordered otherwise by the Central District of California, unexpired deadlines in this case (if any) continue to control.

Dated this 28th day of May, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge